# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN A. CHACON, | 1:11-cv-01689-GSA-PC |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8, WITH LEAVE TO AMEND |
| J. CERRINI, et al., | (Doc. 1.) |
| Defendants. | ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL RIGHTS COMPLAINT FORM |
| | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

## I. RELEVANT PROCEDURAL HISTORY

Edin A. Chacon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 10, 2011, Plaintiff filed the original Complaint, which is now before the Court for screening. (Doc. 1.)

On November 7, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 14.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California. The events at issue occurred at San Quentin State Prison (SQSP) in San Quentin, California, and CCI. Plaintiff names as defendants Correctional Officer J. Cerrini, Lieutenant E. Patao, Lieutenant T. Amrhein-Conama, Institutional Gang Investigator T. Crouch, Sergeant J. Tyree, and Appeals Coordinator K. Sampson. Plaintiff brings claims for retaliation, in violation of the First Amendment, against the named defendants.

### A. Rule 8(a)

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Complaint, consisting of forty-three handwritten pages and one hundred twenty-five pages of exhibits, fails to comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's lengthy narrative, consisting of two hundred fifteen enumerated paragraphs, does not clearly or succinctly allege facts against the named defendants. Plaintiff shall be granted leave to file an amended complaint that complies with Rule 8(a). Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, the amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

### III. PLAINTIFF'S RETALIATION CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Plaintiff claims he was retaliated against by defendants. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint violates Rule 8(a) and must be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when

3

justice so requires.'" The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

As discussed above, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated claims. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on January 10, 2011, is dismissed for violation of Rule 8(a), with leave to amend;
2. The Clerk shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-01689-GSA-PC;
5. The First Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and
6. If Plaintiff fails to comply with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated:   **April 12, 2012**            /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE