UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN A. CHACON,<br><br>           Plaintiff,<br><br>     vs.<br><br>J. CERRINI, et al.,<br><br>           Defendants. | 1:11-cv-01689-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 25.) |

**I.     BACKGROUND**

Edin A. Chacon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 10, 2011.  (Doc. 1.)

Now pending is Plaintiff's motion for reconsideration of the Court's Screening Order which dismissed certain claims from Plaintiff's amended complaint, with leave to amend. (Doc. 25.)

**II.     MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions to reconsider are committed to the discretion of the trial court.  Combs v.

Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff argues that his due process claim, and claim concerning the inmate appeals process, should have been found cognizable by the Court in the Screening Order issued on March 19, 2013.  Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  The Screening Order requires Plaintiff to either file a Second Amended Complaint, or in the alternative, to notify the Court that he is willing to proceed on the claims found cognizable by the Court.  If Plaintiff disagrees with the Court's findings in the Screening Order, Plaintiff's remedy at this stage of the proceedings is to file a Second Amended Complaint.  Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 8, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **April 13, 2013**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE