UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDIN A. CHACON,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. CERRINI, et al.,<br><br>          Defendants. | 1:11-cv-01689-AWI-GSA-PC<br><br>ORDER RE DEFENDANTS' NOTICE OF WITHDRAWAL OF MOTION<br>(Doc. 44.)<br><br>ORDER WITHDRAWING DEFENDANTS' MOTION TO DISMISS FROM THE COURT'S CALENDAR<br>(Doc. 39.)<br><br>ORDER VACATING ORDER ISSUED ON MARCH 25, 2014<br>(Doc. 43.)<br><br>ORDER FOR DEFENDANTS TO FILE NEW RESPONSE TO FIRST AMENDED COMPLAINT WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Edin A. Chacon ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 10, 2011.  (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint filed on May 3, 2012, against defendants Correctional Officer (C/O) T. Crouch, Lieutenant J. Tyree, C/O Rivera, and IGI Adame (collectively, "Defendants"), for retaliation in violation of the First Amendment.  (Doc. 22.)

On February 13, 2014, defendants Tyree and Rivera filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative

remedies for the claims against them. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). (Doc. 39.) On March 25, 2014, the court issued an order requiring Plaintiff to file a response to the motion to dismiss within thirty days. (Doc. 43.) Plaintiff has not yet filed a response to the motion.

On May 6, 2014, defendants Tyree and Rivera filed a Notice of Withdrawal of their motion to dismiss. (Doc. 44.)

## II.    NOTICE OF WITHDRAWAL

Defendants Tyree and Rivera have filed a notice of withdrawal of their motion to dismiss, in light of the Ninth Circuit's recent decision in Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Defendants request fourteen days in which to file an answer to the complaint. Defendants also request that the court grant them thirty days from the date the court issues its discovery and scheduling order, in which to file a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies as to defendants Tyree and Rivera.

### Discussion

On April 3, 2014, the Ninth Circuit Court of Appeals issued its ruling in Albino, overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), finding that exhaustion issues are more appropriately handled under the Federal Rules' explicit provisions, and requiring Defendants to raise the exhaustion defense under Federal Rule of Civil Procedure 56, via a motion for summary judgment. Albino at *1.

In light of the Ninth Circuit's decision in Albino, and good cause appearing, D defendants Tyree and Rivera's motion to dismiss of February 13, 2014 shall be withdrawn from the court's calendar. Defendants shall be allowed thirty days in which to file a new response to the complaint. In addition, upon issuance of a scheduling order in this action at a later stage of the proceedings, Defendants shall be allowed ample time to file a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.[1]

///

---

[1] As a rule, the court's new scheduling order allows three months for the filing of motions for summary judgment under Fed. R. Civ. P. 56 for failure to exhaust administrative remedies.

IV. **CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants Tyree and Rivera's motion to dismiss filed on February 13, 2014, is WITHDRAWN from the court's calendar;
2. The court's order of March 25, 2014, which required Plaintiff to file an opposition to defendants Tyree and Rivera's motion to dismiss of February 13, 2014 within thirty days, is VACATED; and
3. Defendants are granted **thirty (30) days** from the date of service of this order within which to file a new response to the First Amended Complaint.

IT IS SO ORDERED.

Dated:  **May 7, 2014**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE